**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINA AURIEMMA and THERESA EISENBACH<br><br>                          Plaintiff,<br><br>  vs.<br><br>EXXONMOBIL OIL CORPORATION, *et al.*,<br><br>                        Defendants. | Civil Action No. |

**NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT**

Defendant, ExxonMobil Oil Corporation ("ExxonMobil" or "Defendant"), by and through its undersigned counsel, fully reserving all defenses, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing this entire action from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, ExxonMobil states as follows:

**PROCEDURAL HISTORY**

1. On August 28, 2020, plaintiffs Christina Auriemma and Theresa Eisenbach, ("Plaintiffs"), commenced an action in the New York State Supreme Court, County of Kings, Index No.: 516018/2020, against ExxonMobil, BP Products North America, Inc. ("BP"), ChevronTexaco, Inc. ("ChevronTexaco"), Peerless Importers, Inc. ("Peerless"), Roux Associates, Inc. ("Roux"), and John and Jane Does 1-100 (the "Complaint"). A true and correct copy of the Complaint is annexed hereto as Exhibit A.

2. Plaintiff served ExxonMobil with a copy of the Complaint on September 9, 2020. A true and correct copy of the Notice of Service of Process is annexed hereto as Exhibit B.

3. On May 3, 2021 BP filed a motion to dismiss the Complaint pursuant to CPLR 3211(a)(5). Also on May 3, 2021, Defendants ChevronTexaco and Peerless (collectively, the "Chevron Defendants") filed a motion to dismiss pursuant to CPLR § 3211(a)(5) and CPLR § 214-c. ExxonMobil and Roux joined the Chevron Defendants' Motion to Dismiss.

4. On September 10, 2021, the parties filed a Stipulation of Discontinuance dismissing Roux, Peerless, ChevronTexaco, and John and Jane Does 1-100 from the case with prejudice.

## VENUE

5. Venue is proper under 28 U.S.C. § 1441(a) because Kings County is embraced by the United States District Court for the Eastern District of New York. Therefore, this case is properly removed to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §§ 112, 1391(b)(2), and 1441(a).

## REMOVAL IS TIMELY

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c).

7. 28 U.S.C. § 1446(b)(3) provides that "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

8. 28 U.S.C. § 1446(c)(1) provides that a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court

finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

9. Plaintiffs filed their complaint on August 28, 2020. Initially, Roux and Peerless, which are incorporated in New York, and have their principal places of business in New York, were named as defendants in the matter. As such, diversity jurisdiction pursuant to 28 U.S.C. § 1332 did not exist.

10. Roux and Peerless remained named defendants until September 10, 2021, when the parties filed a joint Stipulation of Discontinuance dismissing Roux and Peerless from the action with prejudice. The Stipulation of Discontinuance was filed just after the deadline for removal under 28 U.S.C. § 1446(c)(1) due to Plaintiff's bad faith delay. Specifically, Plaintiff did not consent to dismiss Roux and Peerless until September 2, 2021, four days after the August 28, 2021 deadline for removal had passed, even though Plaintiffs explicitly stated their intention to dismiss Roux and Peerless from the case well before the deadline.

11. Plaintiffs have intended to dismiss Roux and Peerless from this action since at least September 25, 2020, when Plaintiffs' counsel advised the undersigned that they did not intend to pursue their claims against Roux and Peerless because they should not have been named in the complaint. Though the case has been pending for over a year, Plaintiffs never sought discovery from Roux or Peerless. Then, in an August 16, 2021 email, Plaintiffs' counsel explicitly advised Defendants that Plaintiffs "will, within 30 days of the date herein, file a Stipulation of Discontinuance in favor of defendants CHEVRONTEXACO, INC., PEERLESS IMPORTERS INC., ROUX ASSOCIATES, INC. and JOHN and JANE DOES 1 through 100; and thereafter intends to file an Amended Complaint." A true and correct copy of the August 16, 2021 email is annexed hereto as Exhibit C.

12. On August 26, 2020, the undersigned provided Plaintiffs' counsel with a Stipulation of Dismissal as to Roux, Chevron, Peerless, and John and Jane Does 1 through 100, and requested that Plaintiffs' counsel consent to its filing. A true and correct copy of the August 26 email and draft Stipulation are annexed hereto as Exhibit D. However, Plaintiffs did not provide their consent until September 2, 2021. A true and correct copy of Plaintiffs' September 2, 2021 email is annexed hereto as Exhibit E. There is simply no reason for their delay in dismissing Roux and Peerless from the case.

13. "[B]ad faith 'may be overt or may consist of inaction . . . [such as] lack of diligence and slacking off.'" *Bank of China v. Chan*, 937 F.2d 780 , 789 (2d Cir. 1991) (quoting Restatement (Second) of Contracts, §205, comment d); Black's Law Dictionary (Ninth ed.)). "'Since it would be extraordinary for a party directly to admit a 'bad faith' intention, his motive must of necessity be ascertained from circumstantial evidence." *Continental Insurance Co. v. N.L.R.B.*, 495 F.2d 44, 48 (2d Cir. 1974). Courts routinely extend the deadline for removal pursuant to the "bad faith" exception when plaintiffs unnecessarily delay the removable event to shortly after the deadline for removal. *See Forth v. Diversey Corp.*, 2013 U.S. Dist. LEXIS 165315, 2013 WL 6096528, at *3 (W.D.N.Y. Nov. 20, 2013) (Plaintiffs acted in bad faith by delaying the dismissal of a defendant from the action); *Manney v. Intergroove Media GMBH*, 2013 U.S. Dist. LEXIS 117909, 2013 WL 4495190 , at *6 (E.D.N.Y. Aug. 19, 2013) (finding an act of "bad faith gamesmanship" if plaintiffs chose to omit claims to prevent removal); *In Re Rezulin Products Liab. Litig.*, 2003 U.S. Dist. LEXIS 26528 , 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003) (Plaintiff engaged in bad faith by dismissing the non-diverse defendant only five days after the one-year anniversary of the commencement of the action); *see also Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292–93 (5th Cir. 2019), *as revised* (Aug. 23, 2019) (upholding district court's finding of bad faith where the

plaintiffs voluntarily dismissed their claims against a non-diverse defendant one year and two days after commencement based on (1) the timing of dismissal relative to the one-year bar, (2) the plaintiffs' half-hearted approach to their claim against the non-diverse defendant, and (3) the fact that the plaintiffs received no consideration for the dismissal of the non-diverse defendant).

14. *Forth v. Diversey Corp.*, is instructive. 2013 WL 6096528, at *3. In *Forth,* the Court found that the plaintiffs acted in bad faith by delaying the dismissal of the non-diverse defendant until six months after the deadline for removal had passed. To support the finding of bad faith, the removing defendant's attorney presented evidence of a conversation he had with the plaintiffs' counsel prior to the removal deadline, in which the plaintiffs' counsel advised that they would be dismissing the non-diverse defendants. *Id.* at *2. The plaintiffs attempted to justify their delay in dismissing the non-diverse defendant by claiming that they required additional discovery prior to dismissal. *Id.* However, the court found this explanation "inconsistent and implausible" because the plaintiffs did not actually obtain discovery from the non-diverse defendant before dismissing it. *Id.* at *2-3. Therefore, the court found, "by clear and convincing evidence that in delaying the dismissal of [the non-diverse defendant] from this action, plaintiffs 'acted in bad faith in order to prevent . . . defendant[s] from removing the action.'" *Id.* at *3 (quoting 28 U.S.C. §1446(c)(1)).

15. Here, Plaintiff delayed the dismissal of Roux and Peerless, the only non-diverse defendants, until just after the deadline for removal, notwithstanding that they explicitly stated their intent to dismiss Roux and Peerless well before that deadline and they took no actions in furtherance of their case against Roux and Peerless during entire year it was pending. Accordingly, their delay in consenting to the dismissal until days after the deadline for removal had passed constituted bad faith.

16. This Notice is being filed within 30 days of the filing of the Stipulation of Discontinuance on September 10, 2021.

17. Therefore, the Notice of Removal is timely because it is being filed within thirty (30) days of the date the action became removable and is being filed after the one-year deadline due to Plaintiffs' bad faith delay in dismissing Roux and Peerless to prevent the remaining defendants from removing the action. *See* 28 U.S.C. § 1446(b)(3) & (c)(1).

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on counsel for Plaintiff and filed with the Clerk of Court for the Supreme Court of the State of New York, Kings County as an exhibit to a Notice of Filing of Notice of Removal.

## COMPLAINT ALLEGATIONS

19. Plaintiffs are residents of the Greenpoint area of Kings County, New York. (Complaint, ¶¶ 1, 2). They allege that millions of gallons of oil and oil products have been released into the ground under the Greenpoint area and that the spill originated from facilities currently or previously owned by ExxonMobil, BP and ChevronTexaco. (Complaint, ¶ 3, 4).

20. They further allege that the Defendants have failed to remove the contamination, which has migrated onto the Plaintiffs' properties, causing them to suffer property damage and to be exposed to toxic chemicals. (Complaint, ¶ 4, 5).

21. Plaintiffs assert claims for negligence, negligence per se, nuisance, premises liability, trespass, strict liability, fear of cancer, medical and environmental testing and monitoring, and violation of New York General Business Law § 349.

**JUSTIFICATION FOR REMOVAL**

22. This action is being removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction, and the action is properly removable under 28 U.S.C. § 1332.

23. The United States Code provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

24. Plaintiff Christina Auriemma lives in Kings County, and is a citizen of New York State.

25. Plaintiff Theresa Eisenbach is a resident of Kings County, and is a citizen of New York State.

26. Defendant ExxonMobil is duly incorporated under the laws of New Jersey, and principally conducts its business in Texas.

27. Defendant BP is duly incorporated under the laws of Indiana, and principally conducts its business in Illinois.

28. Plaintiffs allege their damages are over $75,000, which exceeds the amount in controversy requirement.

29. BP, the only other defendant remaining in the case, consents to ExxonMobil's request for removal.

30. Accordingly, this Court is vested with original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

## **RESERVATIONS**

31. For the purpose of this removal application, ExxonMobil does not concede liability nor does it waive any of its defenses, including but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure or any other rights or defenses; all of which are expressly reserved.

32. This Notice of Removal is signed pursuant to and complies with Federal Rule of Civil Procedure 11.

33. ExxonMobil has paid the required removal fee to the Clerk of the Court.

34. ExxonMobil reserves the right to amend or supplement this Notice of Removal, if needed.

WHEREFORE, ExxonMobil respectfully requests that this action be removed from the New York State Supreme Court, Kings County, to the United States District Court for the Eastern District of New York and respectfully requests that this action proceed before this Court as an action properly removed.

Dated: New York, New York
October 4, 2021

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Michael D. Hall*
Michael D. Hall Esq.
640 Fifth Avenue, 9th Floor
New York, NY 10019-6102
212 440 4400 (o)
Michael.hall@bipc.com
*Attorneys for Defendant ExxonMobil Oil Corporation*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served the document by email on counsel for Plaintiffs.

              */s/ Michael D. Hall*
              Michael D. Hall Esq.