UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTINA AURIEMMA
and THERESA EISENBACH,

                Plaintiffs,                  **MEMORANDUM AND ORDER**

       v.                                21-CV-5508 (RPK) (PK)

EXXONMOBIL OIL CORPORATION,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Plaintiffs Christina Auriemma and Theresa Eisenbach sued ExxonMobil Oil Corporation in New York state court in 2020, asserting various causes of action under New York law arising from an oil spill in Greenpoint, Brooklyn, that was first discovered in the 1970s. After removing the case to federal court, defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), raising the affirmative defense that plaintiffs' claims are time-barred. As explained below, the validity of that defense cannot be determined based on the limited set of materials properly considered on a motion to dismiss. Accordingly, defendant's motion is denied.

## BACKGROUND

### I. Factual Background

        The following facts are taken from the complaint and assumed true for the purposes of this order.

        In 1978, the U.S. Coast Guard discovered oil seeping out of the banks of Newton Creek in Greenpoint, Brooklyn. Compl. ¶ 38 (Dkt. # 1-2). Greenpoint has long been a heavily industrialized area that houses many oil refineries and storage facilities. *Id.* ¶ 32. Defendant

1

ExxonMobil still owns and operates a storage facility in the neighborhood, which plaintiffs refer to as the ExxonMobil terminal. *Id.* ¶ 34.

After discovering the oil seepage, the Coast Guard commissioned a formal investigation, which culminated in a 1979 report. *Id.* ¶¶ 38, 44. The report estimated that the seepage had created an oil spill in the shape of a seventeen-million-gallon plume that would continue to migrate into groundwater and sewer pipes. *Id.* ¶¶ 39–40. It also concluded that most of the spill likely originated from two potential locations, one of which was the ExxonMobil terminal. *Id.* ¶ 41. In 1990, defendant agreed to begin cleanup and remediation efforts, which plaintiffs allege have been insufficient. *Id.* ¶¶ 45–46, 53. In 2006, the New York State Department of Environmental Conservation ("NYSDEC") published results from sampling tests conducted on properties surrounding the plume evidencing elevated levels of methane and benzene in the soil. *Id.* ¶ 59.

## II.   Procedural History

Plaintiffs are long-term residents of Greenpoint, who have "owned property, and/or resided, within the vicinity of" the ExxonMobil terminal "[a]t the time of defendants' acts complained of" and "at all relevant times." *Id.* ¶ 31. They filed a lawsuit in August 2020 against ExxonMobil, in addition to several other defendants who were later voluntarily dismissed from the suit. *See* Stipulation of Dismissal of Discontinuance with Prejudice (Dkt. #1-5); 8/19/2022 Order Dismissing Party.

Plaintiffs' claims against defendant ExxonMobil seek damages for personal and property injuries arising from the Greenpoint spill. *See id.* ¶ 4. Plaintiffs bring three types of claims. First, they allege that defendant has engaged in materially deceptive and misleading business practices under Section 349 of New York's General Business Law. *Id.* ¶¶ 174–75; *see* N.Y. Gen. Bus. § 349. Second, they allege that defendant is strictly liable for damages from the oil spill under New York's Oil Spill Act. Compl. ¶¶ 137–43; *see* N.Y. Nav. § 181. Third, they allege several

2

common law causes of action—namely negligence, Compl. ¶¶ 80, 85, 87, 95, 121, strict liability for abnormally dangerous activities, *id.* ¶ 165–71, nuisance, *id.* ¶ 104, and trespass, *id.* ¶ 128. Plaintiffs' complaint alleges a loss in property value, *id.* ¶¶ 93, 108, damage to plaintiffs' homes, *id.* ¶ 99, and harm to their health, *ibid.*—including an increased risk of developing cancer and other latent diseases, *id.* ¶¶ 151–64, but does not provide additional detail regarding plaintiff's injuries or state when, exactly, plaintiffs began to experience those injuries.

Defendant moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6). Specifically, defendant argues that plaintiffs' claims are time-barred. *See* Br. in Supp. of Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #23-1). With respect to plaintiffs' Section 349 claim, defendant invokes New York Civil Practice Law and Rule ("CPLR") 214(2), *see* Mot. to Dismiss 24, which imposes a three-year limitations period for statutory causes of action. According to defendant, the three-year limitations period begins to run from the date of the alleged harm. *Ibid.* And because defendant understands plaintiffs to allege that they began experiencing harm from the spill over three years ago, defendant argues that their Section 349 claim is untimely. *Ibid.*

With respect to plaintiffs' remaining Oil Spill Act and common law claims, defendant invokes CPLR 214-c. *Id.* at 7. CPLR 214-c(2) imposes a three-year limitations period for any "action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances," subject to a discovery rule. And it states that the three-year period runs from "the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." Defendant argues that plaintiffs should have discovered the personal and property injuries they described in their complaint more than three years ago. Mot. to Dismiss at 9.

3

To support the argument that plaintiffs' claims are untimely, defendant attaches and references as evidence extrinsic material not included in plaintiffs' complaint. These materials fall into three categories: (1) publicly available documents and reports from the Coast Guard, NYSDEC, and the Environmental Protection Agency, *see* Decl. of Michael D. Hall ("Hall Decl.") (Dkt. #24) Exs. 2–3, 6–7, 8–20; (2) newspaper articles covering the oil spill, *see* Hall Decl. Ex. 21–24; and (3) a complaint filed in another court alleging damage from the oil, *see* Hall Decl. Ex. 4.

In opposition to the motion to dismiss, plaintiffs agree that the statute of limitations for all their claims is three years. Pls.' Resp. to Mot. to Dismiss ("Pls.' Opp'n") 1, 8, 10 (Dkt. #22). But they assert the limitations period for their claims—including their Section 349 claim—did not begin to run until plaintiffs discovered their injuries. *See id.* at 10. Plaintiffs further state, in affidavits attached to their opposition brief, that they each have been diagnosed with Acute Myeloid Leukemia ("AML"), which they allege they developed from exposure to the oil spill. Pls.' Opp'n 1–2; s*ee* Pls.' Opp'n Ex. A ("Eisenbach Aff.") ¶ 7 (Dkt. #22-1); Pls.' Opp'n 7; Pls.' Opp'n Ex. B ("Auriemma Aff.") ¶ 5 (Dkt. #22-2). Specifically, Plaintiff Theresa Eisenbach states that she received her AML diagnosis in 2019. Eisenbach Aff. ¶ 7. Plaintiff Christina Auriemma states that she received her AML diagnosis in 2012 but was unaware that her diagnosis could have resulted from exposure to the oil spill until meeting with attorneys in 2019. Auriemma Aff. ¶ 5. Plaintiffs accordingly argue that they could not have discovered their AML-related injuries until 2019—less than three years before they filed the complaint. Opp'n 10.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556 (quotation marks omitted).

In reviewing a motion to dismiss, a court may consider only (i) the complaint itself, (ii) documents attached to the complaint or incorporated by reference, (iii) documents the plaintiff both relied on and knew of when bringing suit, and (iv) matters in the public record which are properly subject to judicial notice. *See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

## DISCUSSION

Defendant's motion to dismiss is denied, because whether plaintiffs' claims are time-barred cannot be determined based on the limited evidentiary record properly before the Court on a motion to dismiss.

**I.    The Extrinsic Materials Submitted by Defendant Are Amenable to Judicial Notice but Not for the Truth of the Matter Asserted in Those Materials.**

The Court can take judicial notice of the extrinsic materials submitted by the defendant, but not the materials submitted by plaintiffs. "Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence," *Goel v. Bunge,*

5

*Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016), a court is "normally required to look only to the allegations on the face of the complaint" in deciding such a motion, *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). There are narrow exceptions for "extrinsic material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) (alteration in original) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). But as explained below, only the materials submitted by the defendant—the government reports, newspaper articles, and publicly filed complaint—may properly be noticed, albeit not for the truth of the matters asserted in those materials.

### A. Plaintiffs' Materials

Plaintiffs' affidavits attesting to their AML diagnoses are not properly considered on a motion to dismiss. To start, the complaint does not incorporate by reference any material evidencing those diagnoses. Instead, the complaint alleges that plaintiffs have a "fear of *developing* cancer," Compl. ¶ 152 (emphasis added), and "a significantly increased *risk* of contracting a ser[i]ous injury or latent disease," *id.* ¶ 159 (emphasis added). Nor do plaintiffs suggest that any extrinsic material regarding their diagnoses is "integral" to the complaint. Extrinsic material is "integral" to the complaint when the complaint "relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153 (citation omitted). But plaintiffs could not have relied heavily on any such material evidencing their diagnoses because the complaint makes no mention of those diagnoses.

Moreover, the fact that plaintiffs have received AML diagnoses is not a fact amenable to judicial notice. Judicial notice is appropriate only as to matters "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs' personal diagnoses are not "generally known" facts, and their affidavits are not the sort of public sources of information whose accuracy "cannot reasonably be questioned." *See Carnegie Inst. of Wash. v. Pure Grown Diamonds, Inc.*, No. 20-CV-189 (JSR), 2020 WL 5209822, at *4 (S.D.N.Y. Aug. 31, 2020) (explaining that "non-public documents . . . cannot be the subject of judicial notice"). I therefore decline to consider plaintiffs' extrinsic materials.

### B. Defendant's Materials

The extrinsic materials submitted by defendant can be judicially noticed, but not for the truth of the statements they contain.

As an initial matter, none of defendant's submissions are incorporated by reference in, or integral to, plaintiffs' complaint. While plaintiffs' complaint mentions two of the government reports that defendant submits with its motion to dismiss—a Coast Guard report, *see* Hall Decl. Ex. 6 (Dkt. #24-9), and a NYSDEC report, *see* Hall Decl. Ex. 13 (Dkts. ##25-19–25)—the complaint only references those reports in passing. *See* Compl. ¶¶ 38–44 (describing the Coast Guard report's findings related to the geographic scope of the spill); *id.* ¶¶ 59–60 (describing the NYSDEC report's findings related to elevated levels of toxic substances in the soil surrounding the spill). And a "mere passing reference" is not sufficient to incorporate a document into a complaint. *Trump v. Vance*, 977 F.3d 198, 210 n.8 (2d Cir. 2020); *see Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985) ("[L]imited quotation does not constitute incorporation by reference."). Similarly, the passing references do not make the reports "integral" to plaintiffs' complaint. *Goel*, 820 F.3d at 559 (explaining that "[m]erely mentioning a document" does not make that document "integral" to the complaint). Finally, the remaining materials defendant submits are not referenced in the complaint whatsoever.

7

Nevertheless, the reports and newspaper articles that defendants submit are amenable to judicial notice—albeit for a limited purpose. "[C]ourts may take judicial notice of publicly available documents," but, as a general matter, they "must do so 'to determine what statements [the documents] contained . . . [and] not for the truth of the matters asserted' in the documents." *Lewis v. M&T Bank*, No. 21-933, 2022 WL 775758, at *1 (2d Cir. Mar. 15, 2022) (alterations and omission in original) (quoting *Roth*, 489 F.3d at 509); *see e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d. Cir. 2008) (approving of district court's decision to take judicial notice of public records, press coverage, and publicly filed lawsuits for "the *fact* that [such documents] contain[] certain information, without regard to the truth of their contents"). Defendant does not suggest otherwise, citing several cases where courts took judicial notice of the "existence" of public records but not "the truth of the matter asserted in those records." *Abraham v. Town of Huntington*, No. 17-CV-3616 (ADS) (SIL), 2018 WL 2304779, at *5 (E.D.N.Y. May 21, 2018); *accord Hicksville Water Dist. v. Phillips Elecs. N.A. Corp.*, No. 17-CV-0442 (ADS) (ARL), 2018 WL 1542670, at *3 (E.D.N.Y. Mar. 29, 2018); *Singh v. Wells*, No. 09-CV-500, 2010 WL 3259996, at *2 n.2 (Aug. 17, 2010). And while defendant cites a case acknowledging that courts may take judicial notice of public records, that case does not discuss whether such notice extends beyond the records' existence to include the records' content. *See Wechsler v. HSBC Bank USA*, No. 15-CV-5907 (JMF), 2016 WL 1688012, at *1 (S.D.N.Y Apr. 2016).

Moreover, the contents of the government reports, newspaper articles, and publicly filed complaint that defendant submits are not the sort of generally known facts that are amenable to judicial notice. Such generally known facts are typically so obvious they require no independent verification. *See, e.g.*, *Onondaga Nation v. New York*, 500 Fed. App'x 87, 89–90 (2d. Cir. 2012) (holding that it was appropriate for the district court to take judicial notice of the fact that the City of Syracuse "has been extensively developed and populated over the past 200 years"); *Barnes v.*

8

*Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1395 n.2 (9th Cir. 1995) (taking judicial notice of the fact that surgery can "involve pain and suffering"); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 n.1 (2d Cir. 1982) (holding that the district court did not err in taking judicial notice of the "traditional features of a snowman"). The facts included in defendant's materials—namely, the specific details of the oil spill and subsequent information campaigns—are not so obvious that they can be considered generally known.

I therefore take judicial notice only of the *fact* that government reports, newspaper articles, and a publicly filed complaint contain information related to the oil spill.

## II. The Materials Properly Considered in Evaluating the Motion to Dismiss Do Not Establish that Plaintiffs' Claims Are Time-Barred.

Although the statute of limitations is an affirmative defense, a complaint may be dismissed for failure to state a claim if the allegations in it "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see, e.g., Muto v. CBS Corp.*, 668 F.3d 53, 60 (2d Cir. 2012); *LC Cap. Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 156 (2d Cir. 2003). Courts may also consider material subject to judicial notice when determining whether a plaintiff's complaint is time-barred. *See Staehr*, 547 F.3d at 425–426 (considering facts subject to judicial notice in determining whether a complaint was time-barred). Plaintiffs are not, however, required to "anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d. Cir. 2007). Because neither the allegations in the complaint nor the materials subject to judicial notice establish that plaintiffs' claims are untimely, defendant's motion to dismiss the complaint as time-barred is denied.

9

### A. Plaintiffs' Section 349 Claims

Whether plaintiffs' Section 349 claims are time-barred cannot be determined at this early stage of litigation. The parties agree Section 349 claims have a three-year limitations period. *See* Mot. to Dismiss 24 (citing CPLR 214); Pls.' Opp'n 10 (same). That period runs not from when a plaintiff discovers a deceptive act or practice but from "when plaintiff has been injured by [that] deceptive act or practice." *Gaidon v. Guardian Life Ins. Co.*, 750 N.E.2d 1078, 1083 (N.Y. 2001); *see Startler v. Dell, Inc.*, 775 F. Supp. 2d 474, 484 (E.D.N.Y. 2011).

The date of plaintiffs' injury is not readily determinable from the face of the complaint or materials amenable to judicial notice. Plaintiffs' complaint does not specify when plaintiffs were injured by defendant's allegedly deceptive practices. Instead, it alleges, without referencing any dates, several deceptive practices on the part of defendant, namely: "representing that [its] business practices . . . did not pose an unusual threat to land and groundwater contamination," "leading the public to believe" its products were "safely contained," "failing to disclose the fact and extent of the contamination," and "concealing the necessity for the land and groundwater . . . to be regularly tested." Compl. ¶ 174. The complaint further alleges—again without dates—that those deceptive practices "proximately caused and continue to cause plaintiffs to incur damages including expending significant resources to test, monitor and remediate the contamination of their property and to test and monitor their health." *Id.* ¶ 175.

While it is possible that those alleged misrepresentations caused plaintiffs harm over three years before 2020—when plaintiffs filed their complaint—it is also possible that plaintiffs' injury occurred within the statute of limitations. And because plaintiffs were not required to "affirmatively plead facts in avoidance" of a statute-of-limitations defense, *Abbas*, 480 F.3d at 640, plaintiffs' Section 349 claim cannot be dismissed as time-barred at this stage. *See Miller v. Hyundai Motor Am.*, No. 14-CV-4722 (TPG), 2016 WL 5476000, at *7 (S.D.N.Y. Sept. 28, 2016)

10

("Though [plaintiffs] provide few specific dates on which [defendant] committed its deceptive acts, the Court notes that it is not plaintiffs' burden to prove that their claims fall within the statute of limitations when countering [defendant's] motion to dismiss.").

### B.  Plaintiffs' Oil Spill Act and Common Law Claims

It is likewise too early to determine whether plaintiffs' Oil Spill Act and common law claims are time-barred.  The parties agree that, under CPLR 214-c, the limitations period for plaintiffs' Oil Spill Act and common law claims is three years and that the claims began to accrue on the date that plaintiffs discovered or, through the exercise of reasonable diligence, should have discovered their injuries.  *See* Mot. to Dismiss 7 (citing CPLR 214-c); Pls.' Opp'n 1, 8 (same). The parties disagree, however, over when plaintiffs should have discovered the injuries they describe in their complaint.  Plaintiffs allege that they did not learn about the oil spill until 2019 and could not have reasonably discovered their injuries before then.  Pls.' Opp'n 6–7.

When plaintiffs should have been aware through the exercise of reasonable diligence of their injuries from the spill cannot be determined based solely on the complaint and the limited submissions amenable to judicial notice.  Defendant argues that plaintiffs should have been aware of the spill for decades, citing the government reports, newspaper articles, and publicly filed complaint it submitted in support of its motion to dismiss.  Mot. to Dismiss 5, 9–23.  Those materials, defendant suggests, establish the existence of "an extensive campaign to ensure all residents in the Greenpoint area remain[ed] well informed" regarding the spill.  *Id.* at 13.  But because I have taken judicial notice only of the existence of those materials and not the truth of the matters asserted within them, *see supra* pp. 5–9, I do not consider the details of the "extensive campaign" those materials describe.  And the existence of several government reports and newspaper articles alone is insufficient to establish when plaintiffs, through the exercise of reasonable diligence, were aware or should have been aware of their injuries from the oil spill.  *See*

*Bano v. Union Carbide Corp.*, 361 F.3d 696, 712–13 (2d. Cir. 2004) (declining to dismiss claims as time-barred under CPLR 214-c where defendants failed to put forward "any evidence that shows definitively the date on which [plaintiff] knew or with reasonable diligence should have known that her property was contaminated"); *Glod v. Morrill Press Div. of Engraph, Inc.*, 564 N.Y.S.2d 905, 908 (App. Div. 1990) (concluding "[i]t was error" for the trial court "to conclude, as a matter of law, that plaintiff discovered or should have discovered his injury" by a certain date where there was "nothing in the record to establish conclusively that discovery of the injury occurred or should have occurred at that time").

  The cases on which defendant relies only underscore this point.  Defendant points to several New York cases finding claims relating to contamination from a gas manufacturing plant time-barred, relying on the informational campaign the defendant launched to inform local residents of the contamination.  Mot. to Dismiss 20–21.  But all but one of those cases were decided at summary judgment—after both parties had the opportunity to put forward evidence.  *See TJO, Inc. v. Keyspan Corp.*, 112 N.Y.S.3d 134, 136 (App. Div. 2019); *Onder Realty, Inc. v. Keyspan Corp.*, 111 N.Y.S.3d 380, 382 (App. Div. 2019); *Soldiers & Sailors Mem'l Comm., Inc. v. Keyspan Corp.*, 111 N.Y.S.3d 373, 375 (App. Div. 2019); *Panzo v. Keyspan Corp.*, 111 N.Y.S.3d 377, 379 (App. Div. 2019).  The sole outlier decided at the motion-to-dismiss stage had a summary-judgment-like record, far more extensive than the record properly before the Court here, that detailed the outreach efforts aimed at the particular properties of the subject plaintiffs and that also contained the plaintiffs' responses.  *See Sullivan v. Keyspan Corp.*, 64 N.Y.S.3d 82, 85 (App. Div. 2017); *see also Sullivan v. Keyspan Corp.*, No. 36398-12, 2014 WL 4078634, at *9–67 (N.Y. Sup. Ct. Aug.

7, 2014) (describing factual record).[1] On the much sparser record of materials appropriately considered in deciding defendants' motion to dismiss, it is too early to determine whether plaintiffs' Oil Spill Act and common law claims are time-barred.

Defendant's motion to dismiss plaintiffs' claims as time-barred is accordingly denied.

## CONCLUSION

For the reasons above, defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is denied.

SO ORDERED.

                                                                             */s/ Rachel Kovner*
                                                                             RACHEL P. KOVNER
                                                                             United States District Judge

Dated: September 30, 2023
        Brooklyn, New York

---

[1] Defendant cites two other cases where New York courts held, at the motion-to-dismiss stage, that plaintiffs should have discovered injuries developed as a result of environmental hazards years before filing their complaints. Mot. to Dismiss 20, 22. But in both cases, the evidence in the record established when plaintiffs had actual notice of those hazards. *See Benjamin v. Keyspan Corp.*, 963 N.Y.S.2d 128, 129 (App. Div. 2013) ("The Keyspan defendants also demonstrated that in January 2003, they notified the plaintiff of monitoring activities and test results regarding the presence of contaminants in the vicinity of the subject property."); *Jensen v. Gen. Elec. Co.*, 623 N.E.2d 547, 552 (N.Y. 1993) ("It is undisputed that the plaintiffs were aware of the injury to their property as early as 1986, four years before the commencement of this action."). In contrast, nothing in the record here indicates when plaintiffs learned of the spill, let alone their injuries arising from it.